## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARBARA KEMP,** | ) |
| Plaintiff, | ) |
| v. | )  Civil Action No. 04-2197 (JGP) |
| **HARLEY G. LAPIN,** **Director, Federal Bureau of Prisons, et. al.** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court pursuant to defendant's **Motion to Dismiss, or in the Alternative For Summary Judgment** [#5]. Plaintiff sued defendants for negligence, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq. ("FTCA"), alleging that defendants breached their duty to plaintiff by failing to use reasonable care to clear, remove, or salt a parking lot area. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, and a motion for summary judgment. As explained more fully below, the Court concludes that defendant's motion to dismiss should be granted.[1]

## BACKGROUND

In plaintiff's complaint, filed December 17, 2004, plaintiff claims that defendants

---

[1] Since this case can be dismissed for lack of jurisdiction, the Court will not address the merits of the summary judgment motion. See Galvan v. Federal Prison Indus., 339 U.S.App.D.C. 248, 250, 199 F.3d 461, 463 (1999) ("jurisdiction must be established before a federal court may proceed to another question"). See also Berriochoa Lopez v. United States, 309 F.Supp.2d 22, 25 (D.D.C. 2004), quoting Steel Company v. Citizens For A Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998) ("when jurisdiction 'ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause'").

breached their duty by failing to use reasonable care to clear and salt a parking lot area where plaintiff slipped and fell due to the presence of black ice.  See Compl. at ¶¶ 5, 14.  On March 28, 2005, defendants filed a motion to dismiss claiming that the Court lacks subject matter jurisdiction because individual government employees cannot be sued in their official capacity for claims arising under the FTCA.[2]  See Defs.' Mot. To Dismiss at 4.  Plaintiff subsequently filed a motion to amend the complaint in order to insert the proper defendant.  The Court granted plaintiff's motion on May 17, 2005.  However, plaintiff did not file an amended complaint.  On August 5, 2005, the Court issued an order informing plaintiff that if she did not file her amended complaint by August 12, 2005, the Court would treat the motion to amend as withdrawn.  To date, plaintiff has not filed an amended complaint.

## DISCUSSION

I. *Standard of Review*

While the plaintiff bears the burden of establishing jurisdiction, Federal Rule of Civil Procedure 12(b)(1) imposes an affirmative obligation on the Court to ensure that it is acting within the scope of it's judicial authority.  Fowler v. District of Columbia, 122 F.Supp.2d 37, 40 (D.D.C. 2000).  When determining whether jurisdiction exists, the court need not limit itself to the allegations of the complaint.  Id.  The court "may consider any materials outside the pleadings as it deems appropriate in resolving whether it has jurisdiction over a particular case." Scolaro v. D.C. Board of Elections and Ethics, 104 F.Supp.2d 18, 22 (D.D.C. 2000), citing Herbert v. National Academy of Sciences, 297 U.S.App.D.C. 406, 411, 974 F.2d 192, 197

---

[2] Defendants' summary judgment motion alleges that plaintiff failed to prove that defendants breached any duty.  See Defs.' Mot. To Dismiss at 4.

(1992).

II. *FTCA Defendants*

District courts have original jurisdiction over claims brought under the FTCA.  See 28 U.S.C.A. § 1346.  However, the FTCA does not permit suits against employees of the government "while acting within the scope of [their] office or employment;" such claims may only be brought against the United States.  28 U.S.C.A. § 2679.  Plaintiff's complaint names two government employees as defendants in this action.  See Compl.  When the Court granted plaintiff leave to amend the complaint, plaintiff failed to do so.  Seven weeks later, the Court issued an additional order directing plaintiff to file an amended complaint.  However, plaintiff did not respond.  While this Circuit has treated motions to amend for failure to name the proper defendant as amended complaints, those cases can be distinguished because they involve *pro se* litigants.  See Benham v. Rice, No. 0301127, slip op. at 3 (D.D.C. Mar. 24, 2005), citing Richardson v. United States,193 F.3d 545, 548 (D.C. Cir. 1999).  Since plaintiff in this case is represented by counsel, and was given various opportunities to file an amended complaint, the Court has no choice but to dismiss the action for lack of subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is granted.  An appropriate order accompanies this Memorandum Opinion.


**Date: August 17, 2005**                                          **JOHN GARRETT PENN**
                                                                   **United States District Judge**